IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02602-REB-KLM

LARRY L. LOSASSO, and
CINDY LOSASSO,

    Plaintiff(s),

v.

MICHAEL M. TOTER, and
MICHAEL E. TOTER, and
IBANI TOTER, Parents of MICHAEL M. TOTER

    Defendant(s).
_____

**MINUTE ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiffs' **Opposed Motion to Amend Complaint** [Docket No. 29; filed December 31, 2007] ("Motion to Amend"). The Court has reviewed the Motion to Amend, the Defendants' Responses [Docket No. 30; filed January 15, 2008] and [Docket No. 40; filed January 18, 2008], the case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion to Amend is **GRANTED IN PART AND DENIED IN PART**, as set forth below.

    Plaintiffs request leave to amend their Complaint to add three additional claims for relief: (1) felonious killing, pursuant to C.R.S. § 13-21-203(1)(a); (2) exemplary damages

1

pursuant to C.R.S. § 13-21-102(1)(a); and (3) continued willful conduct, allowing treble exemplary damages pursuant to C.R.S. § 13-21-203(5). *Amended Complaint*, pgs. 8-11.

For their parts, Defendants do not dispute that Plaintiffs may add a claim for exemplary damages, but allege that the claims for felonious killing and continued willful conduct are not proper claims for relief. *Response,* p. 2. Defendants instead allege that these claims are issues to be decided by the trial court in evaluating a potential award of damages against Defendants. *Id.*

The Federal Rules of Civil Procedure provide that leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Denial of leave to amend is generally only "justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Castleglen, Inv. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993)).

I note that the original Complaint in this case was filed in federal court on December 28, 2006. Further, a Final Pretrial Conference is set for February 4, 2008, a Trial Preparation Conference is set for March 14, 2008, and a Jury Trial is set for March 31, 2008 [Docket No. 10; filed February 22, 2007]. Accordingly, I find that Plaintiffs' actions in waiting until December 31, 2007, a mere three months before trial, demonstrate "undue delay" and would normally weigh against allowing Plaintiffs to amend their Complaint.

2

*Frank,* 3 F.3d at 1365. However, Defendants do not dispute that Plaintiffs may amend their Complaint to add a Claim for Relief for exemplary damages. *Amended Complaint,* p. 8. Colorado law allows reasonable exemplary damages "[i]n all civil actions in which damages are assessed by a jury for a wrong done to the person . . . and the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct." C.R.S. § 13-21-102(1)(a). A claim for exemplary damages, however, "may not be included in any initial claim for relief." C.R.S. § 13-21-102(1.5)(a). Instead, a claim for exemplary damages, "may be allowed by amendment to the pleadings, only after the exchange of initial disclosures pursuant to Rule 26 . . . and the plaintiff establishes *prima facie* proof of a triable issue." *Id.* Thus, to add a claim for exemplary damages, Plaintiffs must set forth "*prima facie* proof" that Defendants acted with fraud, malice or willful and wanton conduct. Defendants admit that Plaintiffs can establish a *prima facie* case allowing them to assert a claim for exemplary damages. *Response,* p. 1. As a claim for exemplary damages is properly brought by amendment to the pleadings, and as Defendants have no objection, I find that Plaintiffs should be allowed to amend their Complaint to add a Claim for Relief for exemplary damages. To the extent that Plaintiffs attempt to add other claims to their Complaint, the Motion to Amend is denied.

Accordingly, IT IS HEREBY **ORDERED** that Plaintiffs' **Opposed Motion to Amend Complaint** [Docket No. 29; filed December 31, 2007] is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs may amend their Complaint to add a Claim for Relief for exemplary damages. Plaintiffs' claims for felonious killing and continued wrongful conduct

3

are stricken from their Amended Complaint. The Amended Complaint is accepted for filing in the Court as of the date of this Order. Defendants shall respond to the Amended Complaint on or before **February 9, 2008**.

IT IS FURTHER **ORDERED** that the Final Pretrial Conference currently set for February 4, 2008 is **VACATED** and **RESET** to **February 19, 2008 at 1:30 p.m.** in Courtroom A 501, 5th floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. The final pretrial order shall be due on or before **February 12, 2008.**

BY THE COURT:
\_\_s/ Kristen L. Mix_____
United States Magistrate Judge

Dated: February 1, 2008