IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 06-cv-02602-REB-PAC

LARRY L. LOSASSO and CINDY LOSASSO, Parents of SARA MICHELLE LOSASSO,

    Plaintiffs

v.

MICHAEL M. TOTER,
MICHAEL E. TOTER and IBANI TOTER, Parents of MICHAEL M. TOTER,

    Defendant.

---

**ORDER DENYING MOTION FOR DETERMINATION OF A QUESTION OF LAW**

---

**Blackburn, J.**

This matter is before me on the **Motion for Determination of a Question of Law** [#32], filed by defendants Michael E. and Ibani Toter on January 9, 2008. The plaintiffs filed a response [#51] and the defendants filed a reply [#58]. I deny the motion.

### I. JURISDICTION & CONTROLLING LAW

I have jurisdiction over this case under 28 U.S.C. § 1332 (diversity). This case involves a controversy between citizens of different states, and the amount in controversy exceeds 75,000 dollars, exclusive of costs and interest. Colorado law controls the resolution of the substantive issues in this diversity case. ***Erie Railroad Co. v. Tompkins***, 304 U.S. 64, 78 (1938); ***Royal Maccabees Life Insurance Co. v. Choren***, 393 F.3d 1175, 1180 (10th Cir. 2005). Federal law controls procedural issues. ***See, e.g., Sims v. Great American Life Ins. Co.***, 469 F.3d 870, 877 (10th Cir. 2006).

### II. STANDARD OF REVIEW

Defendants Michael E. and Ibani Toter seek an order from the court determining a question of law. They cite rule 56(h) of the Colorado Rules of Civil Procedure as the basis for their motion. This rule is a of procedure and, thus, under *Erie* and its progeny, Rule 56 of the Colorado Rules of Civil Procedure is not applicable in this diversity case. Rather, Rule 56 of the Federal Rules of Civil Procedure controls. Rule 56 of the Federal Rules of Civil Procedure does not include a subsection (h), and does not include a provision analogous to Colorado's subsection (h). However, Michael and Ibani Toter seek a determination of an issue of law based on facts that are not in dispute. They may seek such relief under Fed. R. Civ. P. 56(b).

I note that defendants Michael E. and Ibani Toter are the parents of the third defendant in this case, Michael M. Toter. Michael M. Toter does not seek any relief in the motion [#32] currently at issue, and the claims against Michael M. Toter will not be affected by my ruling on this motion. In this order, I will refer to Michael E. and Ibani Toter as "the defendants." I will refer to their son, Michael M. Toter, by his name.

The purpose of a summary judgment motion is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). FED. R. CIV. P. 56 (c) provides that the court may grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see* ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 250 (1986); ***Concrete Works, Inc. v. City & County of Denver***, 36 F.3d 1513, 1517 (10th Cir.1994). Summary judgment may be granted if the court concludes that no "rational trier of fact" could find for the

nonmoving party based on the showing made in the motion and response. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The factual record must be viewed in the light most favorable to the nonmoving party. *Concrete Works, Inc.*, 36 F.3d at 1517 (citing *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990)).

Here, the facts relevant to the issue raised by the defendants are, at least for the purpose of the defendants' motion, undisputed. The defendants simply ask me to determine that they are not subject to the felonious killing exception to Colorado's statutory cap on damages for noneconomic losses in wrongful death cases. I disagree with the defendants' contention, and, thus, deny their motion.

### III.  FACTS

The facts relevant to the defendants' motion for summary judgment are not in dispute, at least for the purpose of the present motion. Sara Losasso, the daughter of plaintiffs, Larry Losasso and Cindy Losasso, was killed in a car accident on January 19, 2005. Sara Losasso was a passenger in a car driven by defendant Michael M. Toter. Sara Losasso, Michael M. Toter, and two other passengers who were also in the car all were students at Lewis-Palmer High School. Michael M. Toter was rounding a curve when he lost control of his vehicle. The Toter car skidded into the opposite lane of traffic and collided with a car traveling in the opposite direction. The Toter car collided with the oncoming car on the passenger side of the Toter car. Sara Losasso, who was sitting in the front passenger seat of the Toter car, was killed instantly. The car that Michael M. Toter was driving at the time of the accident was owned by his parents, defendants Michael E. and Ibani Toter.

3

Criminal charges were filed against Michael M. Toter based on his actions leading to the accident. Michael M. Toter entered into a Stipulation for Deferred Judgment and Sentence, Plea to Misdemeanor and Court Order. *Amended complaint* [#44], filed February 2, 2008, Exhibit A. As part of this agreement, Michael M. Toter pled guilty to Vehicular Assault - Reckless, a class 5 felony under Colorado law. *Id.*, p. 1.

The Losassos assert a claim against Michael E. and Ibani Toter, the parents of Michael M. Toter, under the family car doctrine. The family car doctrine is a creature of Colorado law. Under the family car doctrine, the head of a household may be liable for the damages caused by another family member's negligent operation of a motor vehicle. The elements of the family car doctrine, as applicable here, include: 1) the defendants were the head of the household; 2) the defendants had control over the use of a vehicle; 3) the vehicle was used by Michael M. Toter as a member of the defendants' household; 4) the vehicle was used with the express or implied permission of the defendants; 5) Michael M. Toter was negligent in operating the vehicle; and 6) his negligence caused damages to the plaintiff. See CJI-Civ. 4th 2711:15 and the concomitant *Notes on Use* and *Source and Authority* (1998). The present motion does not address the question of whether or not these five elements can be proven as to the defendants. For the purpose of resolving the issue presented in the defendants' motion, and viewing the record in the light most favorable to the plaintiffs, I assume without deciding that the five elements necessary to invoke the family car doctrine can be proven as to the defendants.

Section 13-21-203(1)(a), C.R.S., provides a cap on the damages for noneconomic loss or injury that may be recovered in wrongful death actions. In relevant part, this statute provides:

> Notwithstanding anything in this section or in section 13-21-102.5 to the contrary, there shall be no recovery under this part 2 for noneconomic loss or injury in excess of two hundred fifty thousand dollars, unless the wrongful act, neglect, or default causing death constitutes a felonious killing, as defined in section 15-11-803(1)(b), C.R.S., and as determined in the manner described in section 15-11-803(7), C.R.S.

§13-21-203(1)(a), C.R.S. The defendants refer to the exception to the cap on noneconomic damages as the "felonious killing exception."

To demonstrate that the felonious killing exception is applicable, a plaintiff must show that the defendant's conduct caused the death of another, and that the defendant 1) consciously disregarded 2) a substantial and 3) unjustifiable risk that he would 4) cause the death of another. **Estate of Wright v. United Services Automobile Association**, 53 P.3d 683, 686 (Colo.App. 2001), **cert. denied** (2002). The present motion does not address the question of whether or not these four elements can be proven to establish that the felonious killing exception applies to the actions of Michael M. Toter. For the purpose of resolving the issue presented in the defendants' motion, and viewing the record in the light most favorable to the plaintiffs, I assume without deciding that the four elements of the felonious killing exception can be proven as to Michael M. Toter.

In their motion for summary judgment, the defendants seek an order determining that they do not fall within the felonious killing exception to the cap on noneconomic damages provided in §13-21-203(1)(a), C.R.S. They argue that they should not be vicariously exposed, via the family car doctrine, to the unlimited liability created by the felonious killing exception. In essence, they seek a determination that the cap on noneconomic damages is applicable to all claims in this case against defendants Michael E. and Ibani Toter, the parents of defendant Michael M. Toter.

5

## IV. ANALYSIS

Again, for the purpose of the present motion, I assume without deciding that the family car doctrine subjects the defendants to vicarious liability for the actions of their son in causing the car accident at issue. "The specific rationale for the family care doctrine is that it serves to fasten financial responsibility upon a person who is more likely to respond in damages when a family car is used negligently by a person without sufficient assets of his own." ***Hasegawa v. Day***, 684 P.2d 936, 938 (1983), ***rev'd on other grounds***, ***Casebolt v. Cowan***, 829 P.2d 352, 360 (1992). Liability under the family car doctrine is analogous to liability under the doctrine of *respondeat superior*. ***McCall v. Roper***, 685 P.2d 230, 232 (Colo. App. 1984).

The noneconomic damages cap of §13-21-203(1)(a), C.R.S., and the felonious killing exception to this cap, are creatures of statute. Thus, the statute itself is the most important guide in determining whether or not the defendants are subject to liability under the family car doctrine for enhanced damages that exceed the statutory cap. In interpreting the statute, I must give full effect to the intent of the Colorado General Assembly. ***Estate of Wright v. United Service Automobile Association***, 53 P.3d 683, 685 (Colo. App. 2001). I must look first to the words used in the statute, which words must be read in context and must be given their plain and ordinary meaning. *Id*. If the statutory language is not ambiguous, then the court's exegetical inquiry must cease, and the statute must be enforced as written. *See, e.g., **Holcomb v. Jan -Pro Cleaning Systems of Southern Colorado***, 172 P.3d 888, 890 (Colo. 2007).

Of course, the statute in question says nothing about liability under the felonious killing exception flowing to parents via the family car exception. As the defendants note,

6

the felonious killing exception became effective as of July 1, 1996. *Brief in support* [#32-2], filed January 9, 2008, p. 4. The family car doctrine had been the law of Colorado for decades prior to the enactment of the felonious killing exception. **Boyd v. Close**, 257 P. 1079,1081 (Colo.1927) (family car doctrine has been the law of Colorado for the past 10 years). In enacting the legislation that created the felonious killing exception, the legislature could have addressed the issue of imputed liability under the family car doctrine, but did not. Absent some ambiguity in the statute, or some stark conflict with another statutory provision or other law, there is no basis on which I may read such a limitation into the statute when the words of the statute provide no hint of such a limitation.

When interpreting a statute, a court "must give consistent, harmonious, and sensible effect to all of its parts. A construction that leads to an absurd result will not be followed." **Freedom Newspapers, Inc. v. Tollefson**, 961 P.2d 1150, 1153 (Colo.App. 1998). The defendants argue that the purpose of the felonious killing exception is to punish the killer. Permitting the felonious killing exception and the family car doctrine to impose enhanced imputed liability on Michael M. Toter's parents, the defendants argue, would deviate from this purpose because this enhanced liability would punish parties other than the alleged killer. On this basis, the defendants appear to argue that the imposition of such liability would be a result not consistent with the intent of the legislature, or an absurd result. I disagree.

No doubt, punishment of the killer is one purpose of the felonious killing exception. However, Colorado law indicates that punishment is not the sole purpose of the exception. In **Estate of Wright v. United Service Automobile Association**, 53 P.3d 683, 685

(Colo.App. 2001), an insurer that had provided uninsured motorist coverage to the victim of a felonious killing sought to avoid enhanced liability under the felonious killing exception. The driver who killed the victim was uninsured, and the victim's estate sought to recover on the victim's uninsured motorist coverage. The Colorado Court of Appeals concluded that there was no reason to suspend the application of the felonious killing exception "based on the fact that this case involves the contractual liability of an insurer rather than the tort liability of the person who caused the death." *Id*. at 686. In reaching this conclusion, the court noted that the purpose of uninsured motorist coverage is to compensate an innocent insured fully. *Id*.

> The insurance company argued also that
>
> the felonious killing exception to the damages cap is intended to punish the killers by subjecting them to open-ended liability and that subjecting insurers to such liability thus violates Colorado's public policy prohibiting insurance carriers from providing coverage for punitive damages.

*Id*. at 687 - 688. The Colorado Court of Appeals rejected this contention, noting that the felonious killing exception removes the cap on noneconomic damages and does not address punitive damages. *Id*. at 688. Punitive damages are addressed in a different subsection of the same statute. See §13-21-203(1)(a), C.R.S. The court concluded that the felonious killing exception was applicable even though the insurance company, and not the killer, was subjected to enhanced liability under the exception.

Again, one of the primary purposes of the family car doctrine is compensation of the wrongfully injured. The doctrine is designed to ensure compensation of those who are injured in car accidents by fastening financial responsibility on a person who is more likely to respond in damages when a family car is used negligently by a person without sufficient

assets of his own. *Hasegawa v. Day*, 684 P.2d 936, 938 (1983), *rev'd on other grounds*, *Casebolt v. Cowan*, 829 P.2d 352, 360 (1992). This purpose is analogous to the purpose of uninsured motorist coverage, which also is compensation of those who are injured by another's wrongdoing. The felonious killing exception provides enhanced compensation to those asserting a wrongful death claim when the actions that caused the death are particularly egregious. One goal of the felonious killing exception is full compensation of those who are so injured.

Consistent with the conclusion of the Colorado Court of Appeals in *Estate of Wright v. United Service Automobile Association*, 53 P.3d 683, 685 (Colo.App. 2001), I conclude that the defendants, Michael E. and Ibani Toter, may be subject to enhanced liability under the felonious killing exception, which liability may be imputed to them via the family car doctrine. This conclusion is consistent with the express language of the statute in question, §13-21-203(1)(a), C.R.S., and is consistent with the general purposes of both the statute and the family car doctrine. This interpretation of the statute does not conflict with other portions of the statute or with other relevant law.

## V. ORDER

**THEREFORE, IT IS ORDERED** that the **Motion for Determination of a Question of Law** [#32], filed by defendants Michael E. and Ibani Toter on January 9, 2008, is **DENIED**.

Dated March 7, 2008, at Denver, Colorado.

                                       **BY THE COURT:**

                                       **s/ Robert E. Blackburn**
                                       **Robert E. Blackburn**
                                       **United States District Judge**